## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CR 9-105 |
| V. | ) CV 19-246 |
| | ) |
| RUBEN MITCHELL | ) |

## OPINION AND ORDER

### SYNOPSIS

In this action, on October 30, 2013, a jury convicted Defendant of violating 21 U.S.C. § 846. On March 3, 2014, Defendant was sentenced to a term of imprisonment of 240 months, followed by supervised release.[1] The sentence was based, in part, on an Information identifying Defendant's conviction in the Superior Court of California as the basis for an enhancement pursuant to 21 U.S.C. § 851. Defendant, represented by counsel, objected to the Section 851 enhancement, on grounds that the conviction had been set aside and dismissed. The Court, in Tentative Findings and Rulings dated February 28, 2014, rejected Defendant's argument.

Defendant appealed, and the Court of Appeals affirmed. On July 22, 2016, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. The Motion asserted that California's Cal. Penal Code § 1170.18 ("Proposition 47"), enacted in November, 2014, had invalidated the prior California felony drug conviction used to enhance Defendant's sentence pursuant to Section 851. Therein, Defendant indicated he had filed a petition in state court on May 18, 2016, seeking to have the prior felony conviction reclassified as a misdemeanor, pursuant to Proposition 47. The Government opposed the Motion, in part, as premature, as the California Court had not ruled on Defendant's petition. By Order dated August 19, 2016, the Court denied Defendant's Motion, in part as premature. On August 16, 2017, Defendant filed a Motion for

---

[1] Judge Cercone presided over this matter until it was transferred to my docket on March 8, 2019.

1

Leave to file an Amended Motion pursuant to Section 2255. His proposed Amended Motion asserts that he was unable to obtain Proposition 47 relief because his California conviction had already been set aside. He argues, nonetheless, that Proposition 47 invalidates his prior felony and, consequently, his Section 851 sentencing enhancement. In addition, Defendant contends that counsel was ineffective in dealing with the sentencing enhancement, as well as in dealing with various evidentiary matters.

For the following reasons, Defendant's Motion for Leave to Amend Motion to Vacate will be granted in part and denied in part, and his Amended Motion to Vacate will be denied. No certificate of appealability shall issue.

## OPINION

### I. APPLICABLE STANDARDS

A prisoner in federal custody may move to vacate his sentence under 28 U.S.C. § 2255 if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

The Government opposes Defendant's Amended Motion, on several grounds: 1) that the Court of Appeals, in <u>United States v. Mitchell</u>, 625 Fed. Appx. 113 (3d Cir. 2015), already confirmed that his California drug conviction qualifies as a felony drug offense under Section 851; 2) that Defendant's Amended Motion is, in fact a new Motion, because there is no pending motion that may be amended; thus, it requires certification from the Court of Appeals as a second or successive motion; and 3) because the Amended Motion was filed more than one year after certiorari was denied in this matter, the Motion is untimely. The Government also offers substantive opposition to Defendant's claims.

### A. Sentencing Enhancement

I note that Defendant raised the enhancement issue now presented in his first, timely Section 2255 Motion. Defendant was in the process of attempting to obtain relief at the state level at the time of his initial Section 2255 Motion. This Court denied that initial Motion as premature, clearly contemplating that a renewed or amended Motion might follow upon resolution of the state court process. I am loath, under such circumstances, to flatly deny Defendant leave to file an Amended Motion as untimely. However, I agree with the Government that Defendant may not relitigate issues already addressed by the Court of Appeals. The Court of Appeals specifically noted that Defendant's prior conviction had been set aside pursuant to Cal. Penal Code § 1203.4, and that the offense nonetheless counted as a prior conviction for purposes of 21 U.S.C. §§ 841 and 851.[2] The Court of Appeals did not, however, address the

---

[2] Indeed, Section 1203.4 provides that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Cal. Pen. Code 1203.4 (emphasis added).

effect of Proposition 47 on Defendant's sentence. Defendant's Amended Motion will be accepted to that extent.[3]

In that regard, Defendant asserts that after he petitioned the California court pursuant to Proposition 47, he was unable to obtain relief due to the prior dismissal pursuant to Section 1203.4. He suggests that even though Proposition 47 is unavailable to him, his prior felony should be considered a misdemeanor. That finding must be made via petition to a California court, as Proposition 47 relief is not automatic for previously-convicted defendants. Even those who have received such relief, however, have not succeeded in attacking their enhanced federal sentences. Our Court of Appeals held that because "the subsequent reclassification of [a defendant's] California conviction [pursuant to Proposition 47] had no bearing on that conviction's underlying lawfulness, he remains eligible for the sentence enhancement he received." United States v. London, 747 F. App'x 80, 85 (3d Cir. 2018); see also United States v. Sanders, 909 F.3d 895 (7th Cir. 2018), United States v. Diaz, 838 F.3d 968, 973 (9th Cir. 2016). Proposition 47 does not entitle him to the relief sought, and our Court of Appeals has already reached a similar conclusion regarding the Section 1203.4 dismissal. Defendant's Motion must be denied.

### B. Ineffective Assistance

In his proposed Amended Motion, Defendant contends that counsel was ineffective with respect to the sentencing enhancement and various evidentiary matters. In the first instance, that Defendant's proposed ineffective assistance claims face timeliness barriers. "[A] District Court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition

---

[3] Defendant's ineffective assistance claims, raised in the proposed Amended Motion, are separately discussed at IIB infra.

itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief." United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000).  Defendant's initial Section 2255 petition raised no ineffective assistance claims.  The claims that he now seeks to assert add new theories, rather than providing factual clarification to those previously asserted.  In other words, Defendant's ineffective assistance claims do not relate back to his timely filed Motion to Vacate.  Leave to amend, to that extent, is denied.

Even if I were to grant leave to amend and consider the substance of Defendant's ineffective assistance claims, however, those claims could not succeed. In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).   To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Moreover, counsel is not ineffective for failing to raise meritless claims. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998). "It is… only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." Gray, 878 F. 2d at 711.

Given my conclusions today, Defendant cannot demonstrate that counsel's conduct was deficient, or caused the type of prejudice required, in terms of his sentencing enhancement.  Moreover, Defendant's contentions regarding counsel's failure to obtain evidence about witness

5

Anthony Walker, subpoena agent Herbert Strolbol, or seek a fingerprint analysis likewise fail. The Court of Appeals, in rejecting Defendant's sufficiency of the evidence argument, noted that it had "little trouble upholding the jury's verdict." Mitchell, 625 F. App'x at 118. It recounted evidence in addition to the matters that Defendant seeks to raise, including Defendant's luggage situation, travel to Pittsburgh, unexplained income, and the testimony of more than one co-conspirator. Defendant has presented no grounds for concluding that counsel's approaches to these matters were deficient, or for finding a reasonable probability that the result would have been different had counsel acted differently.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In conclusion, Defendant's Motion for Leave to Amend is granted, solely to the extent that Defendant's claims regarding his sentencing enhancement, not already decided by the Court of Appeals, are accepted for review. Considering those claims, however, I conclude that Defendant has not demonstrated entitlement to relief pursuant to Section 2255. No certificate of appealability shall issue. An appropriate Order follows.

BY THE COURT:

_/s/ Donetta W. Ambrose_
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: May 10, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR 9-105 |
| V. | ) | CV 19-246 |
| | ) | |
| RUBEN MITCHELL | ) | |

**ORDER**

AND NOW, this 10th day of May, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate [2636] is DENIED. No certificate of appealability shall issue.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court